

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 12, 1957

Honorable Coke R. Stevenson, Jr.
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. WW-186

Re: Is the practice of affixing
to the containers and the
original packages of alco-
holic beverages labels ad-
vertising the alcoholic bev-
erage business of the li-
censee in violation of the
Texas Liquor Control Act,
or the rules and regula-
tions of the Board?

Dear Mr. Stevenson:

You have submitted for our consideration the question
of whether the practice of affixing to the containers or the
original packages of alcoholic beverages, labels advertising the
alcoholic beverage business of the licensee is a violation of
the Texas Liquor Control Act, or the rules and regulations of
the Texas Liquor Control Board. You have pointed out for our
convenience Section 24a of Article 667, V.P.C. (Texas Liquor
Control Act) and Regulation 8a-1, Article II, Section 10(h) of
the Regulations of the Texas Liquor Control Board promulgated
pursuant to the provisions of the Texas Liquor Control Act.

According to the facts submitted to us, the retailer
places stickers on the cardboard cartons or containers of alco-
holic beverages, which stickers advertise the place of business
of the retailer and show the price of the beverage. When the
case of beer or other container of alcoholic beverage is sold,
the carton, or container, and the attached sticker are taken
from the retailer's premises by the purchaser.

Section 24a of Article 667, V.P.C. provides as follows:

"1. The term 'outdoor advertising' as used herein
shall mean any sign bearing any words, marks, descrip-
tion or other device and used to advertise the alcoholic
beverage business of any person engaged in the manufac-
ture, sale or distribution of alcoholic beverages, or in
the advertisement of any beverage containing alcohol in

excess of one-half of one percent (1/2 of 1%) by volume, when such sign is displayed anywhere outside the walls or enclosure of any building or structure where there exists a license or permit to sell alcoholic beverages . . . For the purposes of this Section the word 'sign,' as applied to its use by a Retailer, shall not include any identifying label affixed to any container as authorized by law, nor to any card or certificate of membership in any association or organization, provided such card or certificate is not larger than eighty (80) square inches.

"2. All outdoor advertising as herein defined is hereby prohibited within the State of Texas except as herein expressly provided: . . ."

Concerning the second above quoted sentence of subsection 1 of Section 24a of Article 667, it would appear that the statute does not cover the labels here considered.

Regulation 8a-1, Sec. 10(h) of the Texas Liquor Control Board reads as follows:

"(h). Coverings, cartons, cases, Individual coverings, cartons, cases or other wrappers of containers of malt beverage, used for sale at retail, or any written, printed, graphic, or other matter accompanying the container shall not contain any statement or any graphic, pictorial, or emblematic representation, or other matter, which is prohibited from appearing on any label or container of malt beverage. It shall be unlawful for any retailer to affix to any carton or case any paper or sticker bearing any painted, printed, or other graphic matter whatever; and it shall be unlawful for any retailer to paint, imprint, or otherwise impose any wording, lettering, picture, or design of any character whatsoever on any carton or case."

It is clear that the submitted practice of retailers is directly in the teeth of the second sentence of Section 10(h) and therefore would constitute a violation of the Regulations of the Texas Liquor Control Board.

## SUMMARY

The practice of retailers of alcoholic beverages of placing stickers or labels on cases, cartons

or containers of alcoholic beverage which labels
advertise the business of the licensee and are
displayed off the licensed premises violates
Regulation 8a-1, Sec. 10(h) of the Texas Liquor
Control Board, relating to the attachment by a
retailer of papers or stickers to coverings, car-
tons or cases of alcoholic beverage.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
John H. Minton, Jr.
Assistant

JHM:pf:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
Richard Wells
Robert O. Smith
Byron Fullerton

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Geo. P. Blackburn